IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA CLEWIS MAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 04-0695-P-B |
| | ) | |
| A PARCEL OF LAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFAULT

Pending before this court are two motions filed by plaintiff: 1) Motion For Default Judgment filed on October 3, 2005 (doc.39), with an Opposition thereto filed by defendant the United States of America (the "U.S."); and 2) Motion For Judgment on the Pleadings and to Stay Discovery filed on October 14, 2005 (doc.42), with an Opposition thereto filed by the U.S. (doc.46), and plaintiff's Reply (doc.51). After careful consideration of all relevant matter, this court finds that plaintiff's Motions (docs.39, 42), are DENIED, and plaintiff's request to Stay discovery is MOOT.

Plaintiff filed this Complaint to quiet title on October 1, 2004, in the Circuit Court of Baldwin County, Alabama. *Lisa Clewis May v. A Parcel of Land, James W. May, Irene N. Trotter, John L. House, Shirley House, and the U.S., CV-04-1156*. On November 1, 2004, the U.S. removed the action to this federal district court pursuant to 28 U.S.C. § 1444, and § 2410 (docs.1, 7, 36).

Section 2410 provides, in part, that the U.S. "may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter - (1) to quiet title to,... real... property on which the [U.S.] has or claims a mortgage or other lien." Section 1444 provides that "[a]ny action brought under section 2410 of this title against the [U.S.] in any State court may be removed by the [U.S.] to the district court of the [U.S.] for the district and division in which the action is pending."

Thus, this action is properly before this court.

Plaintiff alleges that since August 12, 1991, she has been in actual, open, and continuous adverse possession of particular real property in Magnolia Springs, Alabama, described as follows:

PARCEL I:

A parcel of land in Sections 28 and 33, Township 7 South, Range 3 East, St. Stephens Meridian; beginning 150 feet West of the intersection of the West line of Bay Street and the North line of Oak Avenue; thence North and parallel to the West line of Bay Street 300 feet; thence West in a line parallel to the South line of said Section 28, 150 feet; thence South on a line parallel to the West line of Bay Street 300 feet; thence East along the North line of Oak Avenue 150 feet to the Place of beginning; all situated in Magnolia Springs, Baldwin County, Alabama.

PARCEL II:

From the intersection of the West line of Bay Street and the South line of Oak Avenue in Section 33, Township 7 South, Range 3 East, run West along, the South margin of Oak Avenue a distance of 590 feet to the Northwest Corner of the Hagenbring Property; run thence South and parallel with Bay Street to the margin of Magnolia River; run thence Westerly along Magnolia River to a point which is ten (10) feet West of the last described line; run thence North parallel with Bay Street to the South line of Oak Avenue; run thence East along the South line of Oak Avenue a distance of ten (10) feet to the Point of Beginning.

(doc.12-Amended Complaint, Exhibit A (hereinafter referred to as the "Property")).  Plaintiff has paid ad valorem taxes on the Property (doc.1-Complaint).  Plaintiff alleges that she holds title to the lands by virtue of a deed recorded on March 9, 1992, in Probate Court of Baldwin County.  Plaintiff alleges that her home is located on the Property.  Plaintiff alleges that she granted an undisputed valid mortgage in the principal sum of $250,000.00 to named defendant Irene Trotter by mortgage deed recorded on September 17, 1999 (Instrument #511778) (the "Trotter Mortgage").  Id.

Plaintiff alleges that John and Shirley House own an undivided one-half (½) interest in the Property, Parcel II, which they acquired from Preston H. McMillian by Warranty Deed recorded May 4, 2004 (Instrument #806653).  Plaintiff alleges that she owns the other undivided one-half (½) of Parcel II. Id.

Plaintiff alleges that on June 14, 2004, the Internal Revenue Service (the "IRS") filed a tax lien against the Property (Instrument #816349) (the "IRS lien") in the amount of $163,404.80 (docs.1; 27, ¶6), and that James W. May is the taxpayer to whom the IRS lien is attached (doc.1).

Plaintiff claims that the IRS contends that James May holds an interest in the Property. Plaintiff disputes the validity of the IRS lien. Plaintiff claims that the IRS is not her creditor and that the IRS lien is an illegal cloud on plaintiff's title, creating a false appearance that the Trotter mortgage is in default. Id.

Plaintiff seeks to establish clear title to the Property. Plaintiff prays that this court will 1) declare that she has an entire undivided fee simple interest in the Property subject only to the Trotter mortgage and public rights-of-way; and 2) direct that the IRS lien is invalid and that the IRS lien is to be withdraw. Id.

The U.S. filed its Answer on December 23, 2004, and its Amended Answer to plaintiff's Amended Complaint on February 14, 2005, (docs.8, 13).

On March 8, 2005, this court Ordered plaintiff to show cause for the lack of evidence that service of process had been perfected upon named defendants James W. May, Irene Trotter, and Shirley and John House (the "Houses") (doc.14).

On March 11, 2005, James W. May filed an Answer, *pro se*, stating that he had "no opposition to the [c]ourt granting the relief requested by the [p]laintiff..." (doc.15).

On March 14, 2005, plaintiff filed a Response to this court's March 8, 2005 Show Cause Order stating that Trotter and the Houses had been served prior to removal: Trotter was served on October 29, 2004; and the Houses were served on November 2, 2004 (doc.16).

On April 1, 2005, this court noted that Trotter and the Houses had been served but had not filed appearances (doc.17). This court directed plaintiff to show cause or make an appropriate motion. Id.

On April 28, 2005, plaintiff filed an Application For Entry of Default pursuant to Rule 55(a) of the

Federal Rules of Civil Procedure against Trotter and the Houses (doc.18).  On April 29, 2005, the Clerk of Court entered Default against Trotter and the Houses (doc.19).

On May 6, 2005, the Houses filed, *pro se*, an Answer, and an Answer to plaintiff's First Amended Complaint (docs.20-21).

On September 13, 2005, this court issued the Rule 16(b) Scheduling Order (doc.29).  Therein, this court set March 10, 2006, as the Discovery Complete Date, and March 24, 2006, as the deadline for dispositive motions.  Id., items 2, 8.  This court also noted that it would consider plaintiff's well-documented Motion For Default Judgment.  Id., item 16(c).

On October 3, 2005, plaintiff filed the subject Motion For Default Judgment (doc.39).  On October 14, 2005, plaintiff filed the subject Motion For Judgment on the Pleadings (doc.42).

Plaintiff's Motion For Default Judgment

Plaintiff seeks default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure against defendant Trotter for failure to appear, answer, plead or otherwise defend this action (doc.39).  Insofar as Trotter is in default, plaintiff moves this court "to make and enter a judgment that the interest of plaintiff... in the... Property... is the subject of the indebtedness secured by that certain mortgage in favor of Trotter recorded on September 17, 1999 as Instrument Number 511778 in the Office of the Judge of Probate of Baldwin County, Alabama..." Id.

The U.S. does not dispute that Trotter is in default, however, the U.S. requests that this court delay entering a default judgment as to any party's interest in the Property until there has been sufficient time to take discovery (doc.41).  The U.S. contends that the Trotter mortgage competes with the IRS lien as an encumbrance on the Property and declaring that the Trotter mortgage is valid at this early stage in the discovery process could directly affect the U.S.'s interest.  Further discovery is necessary.  Id.

This court finds that, insofar as discovery is in a relatively early stage having progressed through

approximately two of the six months allowed, the position of the U.S. is well taken. Out of an abundance of caution, and to preserve the interests of all parties to this action, this court finds that plaintiff's Motion For Default Judgment against defendant Totter is DENIED at this time, however, the Clerk's Entry of Default against defendant Trotter REMAINS IN EFFECT.

This court further notes that the Clerk's Entry of Default (doc.19), includes the Houses. However, the Houses did file an Answer, *pro se*, albeit after entry of default. As such, this court finds it appropriate to SET ASIDE the Clerk's Entry of Default against the Houses.

Plaintiff's Motion For Judgment on the Pleadings

Plaintiff moves for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and for a stay of discovery pending resolution of the subject Motion (doc.42). Under the Rule,

> [a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P. 12(c); Strategic Income Fund v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295, n.8 (11th Cir. 2002); Filo America, Inc. v. Olhoss Trading Company, 321 F.Supp.2d 1266, 1268 (M.D.Ala. (Jun. 22, 2004)); accord Blair v. Sanders Lead Company, Inc., 2005 WL 2456013, *1 (M.D.Ala. (Oct. 3, 2005)) (slip op.).

> "[J]udgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002) (citation omitted). In that context, the Court "must accept the facts alleged in the complaint as true and construe them in the light most favorable to the nonmoving party." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1301 (11th Cir. 2001); King v. American Airlines, Inc., 284 F.3d 352, 356 (2nd Cir. 2002) (likening Rule 12(c) standard to that used in reviewing Rule 12(b) motions, and imposing on trial court the responsibility to accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmovant). Dismissal pursuant to Rule 12(c) is proper only where after reviewing the pleadings "it is clear that the plaintiff would not be entitled to

5

relief under any set of facts that could be proved consistent with the allegations" therein. Horsley, 292 F.3d at 700. Therefore, the Court's review of [a motion for judgment on the pleadings] is confined to the four corners of the pleadings, as well as any judicially noticed facts.

Thomas v. Henderson, 297 F.Supp.2d 1311, 1315 (S.D.Ala. (Nov. 3, 2003)); Youngblood v. Potter, 262 F.Supp.2d 1309, 1311 (M.D.Ala. (May 14, 2003)); see Filo America, 321 F.Supp.2d at 1268; Blair, 2005 WL 2456013, *1. A judgment on the pleadings is a decision on the merits. Blair, 2005 WL 2456013, *1.

Herein, the matter is complicated by the fact that the Motion was filed by plaintiff and the nonmoving party is the U.S. Thus, the facts must be construed in the light most favorable to the U.S.

Plaintiff contends that it is public record that she, exclusively, acquired title to her home in 1991, that she assessed ad valorem taxes on the Property in her name only, that she has paid those taxes in her name only for the ensuing fifteen (15) years, and that no claim has been made against her home other that the IRS lien. Plaintiff contends that the IRS is not her creditor, but a creditor of her husband, James W. May (doc.42).

The U.S. denies that plaintiff owns the Property and denies that the IRS lien is invalid (doc.8, ¶1, 11, 16, 18, 19). The U.S. contends that plaintiff is the "nominee" of James W. May, and under the "nominee doctrine," James W. May is the true owner of the Property (docs.27, ¶7). The U.S. also charges that "it appears [plaintiff's] assertion of ownership might be based on a forged deed." Id; doc.46. Plaintiff disputes the U.S.'s charge that plaintiff is the nominee of James W. May.[1]

Plaintiff filed several exhibits with her Amended Complaint (doc.12, Exhibits A-D).[2] If, on a

---

[1] Because this matter is before this court on a Rule 12(c) motion rather than on a Rule 56 motion, the allegations and contentions of the parties, recited herein, are not intended to be, nor should they be construed as, a formal or binding set of findings of fact.

[2] Exhibit A is a copy of an Assumption Warranty Deed, from which this court lifted the Property description; Exhibit B is a copy of the Trotter Mortgage; Exhibit C is a copy of the IRS lien; and Exhibit D is a copy of a Warranty Deed (doc.12).

motion for judgment on the pleadings, "the court must either ignore or exclude the [matters outside the pleadings, i.e. plaintiff's Exhibits] or treat the motion as a motion for summary judgment. Filo America, 321 F.Supp.2d at 1268. The decision is discretionary. Id.

As noted, pursuant to the Rule 16(b) Scheduling Order, the deadline for dispositive motions is March 24, 2006 (doc.29, item, 8), and discovery is in a relatively early stage. No trial date has been contemplated and will not be until discovery closes. Therefore, out of an abundance of caution, and to preserve the interests of all parties to this action, this court will exercise its discretion and ignore plaintiff's Exhibits at this time and address plaintiff's Motion as seeking relief under Rule 12(c). This court's Scheduling Order allows for the filing of dispositive motions.

Addressing plaintiff's Motion For Judgment on the Pleadings, based on the "four corners of the pleadings" standard, and construing all the facts presented in the light most favorable to the nonmovant, the U.S., this court finds that there are material facts in dispute, and that judgment on the pleadings is inappropriate. Therefore, this court concludes that Plaintiff's Motion For Judgment on the Pleadings is DENIED. Insofar as plaintiff's Motion For Judgment on the Pleadings is denied, this action shall proceed and plaintiff's Motion to Stay Discovery is rendered MOOT.

This court notes that plaintiff argues that through interrogatories, the U.S. is "attempting to obtain invasive access to [p]laintiff's and her husband's most private personal, business and financial information including tax returns, bank statements, financial records, and other personal papers going back for more than twenty years" (doc.42). Even so, plaintiff's request for an overall Stay of discovery is over broad. Plaintiff has, under the Federal Rules of Civil Procedure, other avenues available to her to limit the U.S.'s evidentiary probe.

Accordingly, it is ORDERED that plaintiff's Motion For Default Judgment (doc.39), be and is hereby DENIED; that plaintiff's Motion For Judgment on the Pleadings (doc.42), be and is hereby

DENIED; and in light thereof, plaintiff's request for a Stay of discovery (doc.42), is hereby MOOT.

DONE this 12th day of December, 2005.

    S/Virgil Pittman
SENIOR UNITED STATES DISTRICT JUDGE